UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 16-5342-JGB (KK) | Date: | July 28, 2016 |
| Title: | *Osvaldo Rosa v. Calvin Johnson* | | |

Present: The Honorable  KENLY KIYA KATO, UNITED STATES MAGISTRATE JUDGE

| DEB TAYLOR | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Petitioner: | Attorney(s) Present for Respondent: |
|---|---|
| None Present | None Present |

**Proceedings:**   (In Chambers) Order to Show Cause Why this Action Should Not Be Dismissed for Lack of Jurisdiction

# I.
# BACKGROUND

On July 6, 1998, following a jury trial in the United States District Court for the Middle District of Florida, Petitioner Osvaldo Rosa ("Petitioner") was convicted of: (1) conspiracy to possess with intent to distribute heroin and cocaine hydrochloride; and (2) conspiracy to import heroin and cocaine hydrochloride in violation of Title 21 of the United States Code, sections 846 and 963.  See USA v. Rosa, 6:98-cr-00069-ACC-GJK-1 (M.D. Fla., filed Mar. 23, 1998).[1]  On October 20, 1998, Petitioner was sentenced to 500 months in prison and ten years of supervised release.  ECF Docket No. ("Dkt.") 1, Pet. at 2.

---

[1] A court "may take judicial notice of matters of public record," including of "proceedings and filings" in other cases and "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citations and internal quotation marks omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992) (citations and internal quotation marks omitted).

On July 7, 2004, Petitioner filed a motion to vacate his 1998 conviction and sentence pursuant to Title 28 of the United States Code, section 2255 ("Section 2255") in the United States District Court for the Middle District of Florida. Id. at 4. The motion was denied. Id.; see Rosa v. USA, 6:01-cv-01364-ACC-JGG (M.D. Fla., filed Nov. 20, 2001).

On July 5, 2016, Petitioner constructively filed[2] the instant pro se Petition for Writ of Habeas Corpus ("Petition") pursuant to Title 28 of the United States Code, section 2241 ("Section 2241") in this Court, challenging his 1998 sentence. Dkt. 1, Pet. at 1. Petitioner asserts, "Judgement was found and imposed in violation of the Constitution and Laws of The United States" because "the government knew or should [have] known that two Government witnesses conspired to [perjure] themselves while testifying at petitioner's Trial." See id. at 3.

## II.
## DISCUSSION

### A.   APPLICABLE LAW

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under Section 2241 in the custodial court. Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). On the other hand, Section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under Section 2255 and "[Section] 2255 motions must be heard in the sentencing court." Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

There is, however, an exception to this general rule that a Section 2255 challenge to the legality of detention must be filed in the sentencing court. Under the "escape hatch" of Section 2255, a federal prisoner may challenge the legality of detention in the custodial court if, and only if, the remedy under Section 2255 in the sentencing court is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006). A prisoner may file under Section 2255's escape hatch in the custodial court "when the prisoner '(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim.'" Marrero v. Ives, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting Stephens, 464 F.3d at 898).

---

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted). Here, Petitioner signed the Petition on July 5, 2016. See Dkt. 1, Pet. Thus, the Court deems July 5, 2016 the Petition's filing date.

With respect to the first prong of Section 2255's escape hatch, an actual innocence claim requires a petitioner to "demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Stephens, 464 F.3d at 898 (citing Bousley v. United States, 523 U.S. 614, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)).  With respect to the second prong of Section 2255's escape hatch, whether the petitioner has not had an "unobstructed procedural shot" at presenting his actual innocence claim, the Court must consider: "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first [Section] 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first [Section] 2255 motion."  Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011) (internal quotation marks omitted).

**B.    ANALYSIS**

Here, Petitioner does not challenge "the manner, location, or conditions of a sentence's execution."  See Harrison, 519 F.3d at 956.  Rather, Petitioner challenges the legality of his 1998 sentence.  See Dkt. 1, Pet.  Thus, Petitioner cannot proceed in this Court, the custodial court, unless Section 2255's "escape hatch" provision applies.  Lorentsen, 223 F.3d at 953.

Applying the two prongs of Section 2255's escape hatch, the Court finds the Petition does not qualify for the exception.  Harrison, 519 F.3d at 959.  First, Petitioner fails to make a claim of actual innocence.  Moreover, Petitioner has not offered any evidence that would lead the Court to conclude "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Stephens, 464 F.3d at 898.

In addition, Petitioner fails the second prong of Section 2255's escape hatch.  Alaimalo, 645 F.3d at 1047.  Petitioner fails to claim whether he lacked an unobstructed procedural shot, the legal basis for his claims did not arise until after he had exhausted his direct appeal and first Section 2255 motion, and the law changed in any way relevant to Petitioner's claims after that first Section 2255 motion.  Id.

Petitioner thus fails to meet either requirement for Section 2255's escape hatch. Harrison, 519 F.3d at 959.  Because the escape hatch does not apply, the Court lacks jurisdiction to entertain the matter.  Therefore, as the Court lacks jurisdiction, the Court is inclined to dismiss this action.  Hernandez, at 864-65.
///
///
///
///
///
///
///
///
///

# III.
# ORDER

Accordingly, the Court hereby **ORDERS** Petitioner to file a written response to this Order no later than **twenty-one (21) days after the date of this Order**. In the response, Petitioner must elect one of the following three options:

1. If Petitioner contends his action is not a Section 2255 challenge to the legality of detention that should be heard in the sentencing court, but is instead challenging the manner, location, or conditions of a sentence's execution, he should clearly explain this in a filing with this Court no later than **twenty-one (21) days after the date of this Order**. Petitioner should attach copies of any documents that support his position.

2. If Petitioner contends his action challenges the legality of detention and is properly before this Court as the custodial court under the Section 2255 escape hatch, he should clearly explain this in a filing with this Court no later than **twenty-one (21) days after the date of this Order**. Petitioner should attach copies of any documents that support his position.

3. If Petitioner wishes to withdraw his Petition, he may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a), which must be served and filed no later than **twenty-one (21) days after the date of this Order**. **A Notice of Dismissal form is attached for Petitioner's convenience.** The Court advises Petitioner, however, that if Petitioner should later attempt to raise his dismissed claims in a subsequent habeas petition or Section 2255 motion, those claims may be time-barred, and may be barred as successive.

The Court warns Petitioner that failure to timely respond as directed in this Order may result in dismissal of this action without prejudice for lack of jurisdiction, and failure to prosecute and obey court orders.

**IT IS SO ORDERED.**