O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSVALDO ROSA,<br><br>                Petitioner,<br><br>     v.<br><br>CALVIN JOHNSON, Warden,<br><br>                Respondent. | Case No. CV 16-5342-JGB (KK)<br><br>ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION |

## I.
## **INTRODUCTION**

Petitioner Osvaldo Rosa ("Petitioner") has filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody ("Petition") pursuant to Title 28 of the United States Code, section 2241 ("Section 2241"). Petitioner challenges his 1998 federal sentence. As discussed below, the Court dismisses this action without prejudice for lack of subject matter jurisdiction.

## II.
## **BACKGROUND**

On July 6, 1998, following a jury trial in the United States District Court for the Middle District of Florida, Petitioner was convicted of: (1) conspiracy to possess with intent to distribute heroin and cocaine hydrochloride; and (2)

conspiracy to import heroin and cocaine hydrochloride in violation of Title 21 of the United States Code, sections 846 and 963. See USA v. Rosa, 6:98-cr-00069-ACC-GJK-1 (M.D. Fla., filed Mar. 23, 1998).[1] On October 20, 1998, Petitioner was sentenced to 500 months in prison and ten years of supervised release. ECF Docket No. ("Dkt.") 1, Pet. at 2.

On November 2, 1998, Petitioner appealed his conviction to the Eleventh Circuit Court of Appeals. USA v. Rosa, 6:98-cr-00069-ACC-GJK-1, Dkt. 130, Notice of Appeal. On January 23, 2001, Petitioner's conviction was affirmed. Id. Dkt. 159, USCA Decision.

On November 20, 2001, Petitioner filed a motion to vacate his 1998 conviction and sentence pursuant to Title 28 of the United States Code, section 2255 ("Section 2255") in the Middle District of Florida. Id. Dkt. 160, Mot. On July 20, 2004, Petitioner's Section 2255 motion was denied. Id. Dkts. 186, 199 Orders.

On March 12, 2013, Petitioner constructively filed[2] a second motion to vacate his 1998 conviction and sentence pursuant Section 2255 in the Middle District of Florida.[3] See Rosa v. USA, 6:13-cv-00435-ACC-GJK (M.D. Fla., filed Mar. 18, 2013). Petitioner argued the prosecutor knowingly used "perjured testimony and false evidence" in his trial. Id. Dkt. 1, Mot. at 24. Petitioner attached a faxed letter dated September 1, 1999 addressed to "AUSA Bruce

---

[1] A court "may take judicial notice of matters of public record," including of "proceedings and filings" in other cases and "in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (citations and internal quotation marks omitted); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir. 1992).

[2] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the Court deems the pleading constructively filed on the date it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010) (citation omitted).

[3] Although Petitioner filed a Petition for a Writ of Audita Querela, the court construed it as a Section 2255 Motion. See Rosa v. USA, 6:13-cv-00435-ACC-GJK, Dkt. 2, Order.

Hinshelwood" and signed by Eric Tirschwell. Id. Dkt. 1-1 at 10, Exs. On April 3, 2013, Petitioner's Section 2255 motion was denied. Id. Dkt. 3, Judgment.

On July 5, 2016, Petitioner constructively filed the instant Petition in this Court, challenging his 1998 sentence. Dkt. 1, Pet. at 1. Petitioner asserts, "Judgement was found and imposed in violation of the Constitution and Laws of The United States" because "the government knew or should [have] known that two Government witnesses conspired to [perjure] themselves while testifying at petitioner's Trial." See id. at 3.

On July 28, 2016, the Court issued an Order stating it was "inclined to dismiss this action" for lack of jurisdiction because Petitioner was challenging the legality of his 1998 sentence. Dkt. 3, Order at 3. The Court advised Petitioner that Section 2255's "escape hatch" provision appeared inapplicable. Id.

On August 15, 2016, Petitioner constructively filed a Response to the July 28, 2016 Order. Dkt. 5, Response. Petitioner concedes he "is challenging the legality of detention" but asserts his action "is properly before this court as the custodial court under the section 2255 escape hatch." Id. at 1.

### III.
### DISCUSSION
### THIS COURT LACKS SUBJECT MATTER JURISDICTION

A.  APPLICABLE LAW

A petitioner challenging "the manner, location, or conditions of a sentence's execution" must file a petition for writ of habeas corpus under Section 2241 in the custodial court. Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008). On the other hand, Section 2255 "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." Lorentsen v. Hood, 223 F.3d 950, 953 (9th Cir. 2000). A petitioner challenging "the legality of his sentence" must file a motion to vacate his sentence under Section 2255 and "[Section] 2255

3

1 | motions must be heard in the sentencing court." Hernandez v. Campbell, 204
2 | F.3d 861, 864-65 (9th Cir. 2000).
3 |     There is, however, an exception to this general rule that a Section 2255
4 | challenge to the legality of detention must be filed in the sentencing court. Under
5 | the "escape hatch" of Section 2255, a federal prisoner may challenge the legality of
6 | detention in the custodial court if, and only if, the remedy under Section 2255 in
7 | the sentencing court is "inadequate or ineffective to test the legality of his
8 | detention." 28 U.S.C. § 2255(e); Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir.
9 | 2006). A prisoner may file under Section 2255's escape hatch in the custodial
10 | court "when the prisoner '(1) makes a claim of actual innocence, and (2) has not
11 | had an unobstructed procedural shot at presenting that claim.'" Marrero v. Ives,
12 | 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting Stephens, 464 F.3d at 898).
13 |     With respect to the first prong of Section 2255's escape hatch, an actual
14 | innocence claim requires a petitioner to "demonstrate that, in light of all the
15 | evidence, it is more likely than not that no reasonable juror would have convicted
16 | him." Stephens, 464 F.3d at 898 (citing Bousley v. United States, 523 U.S. 614,
17 | 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998)). With respect to the second prong of
18 | Section 2255's escape hatch, whether the petitioner has not had an "unobstructed
19 | procedural shot" at presenting his actual innocence claim, the Court must
20 | consider: "(1) whether the legal basis for petitioner's claim did not arise until after
21 | he had exhausted his direct appeal and first [Section] 2255 motion; and (2) whether
22 | the law changed in any way relevant to petitioner's claim after that first [Section]
23 | 2255 motion." Alaimalo v. United States, 645 F.3d 1042, 1047 (9th Cir. 2011)
24 | (internal quotation marks omitted).
25 | **B.   ANALYSIS**
26 |     Here, Petitioner does not challenge "the manner, location, or conditions of a
27 | sentence's execution." See Harrison, 519 F.3d at 956. Rather, Petitioner concedes
28 | he "is challenging the legality of detention." Dkt. 5, Response at 1. Thus,

Petitioner cannot proceed in this Court, the custodial court, unless Section 2255's "escape hatch" provision applies. Lorentsen, 223 F.3d at 953.

Applying the two prongs of Section 2255's escape hatch, the Court finds the Petition does not qualify for the exception. Harrison, 519 F.3d at 959. First, Petitioner has not offered any evidence that would lead the Court to conclude "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Stephens, 464 F.3d at 898. Although Petitioner asserts, "No reasonable Juror would convict Petitioner when two government witnesses admit to conspiring to perjure themselves at trial," Dkt. 5, Response at 1-2, he fails to present any evidence supporting this assertion.

In addition, Petitioner fails the second prong of Section 2255's escape hatch. Alaimalo, 645 F.3d at 1047. Although Petitioner asserts, "The factual basis to proceed did not become available to the Petitioner until he obtain[ed] a copy of the fax dated 9-1-99 on 9-28-2015," id., Petitioner attached the same faxed letter to his Section 2255 motion constructively filed in the Middle District of Florida on March 12, 2013, Rosa v. USA, 6:13-cv-00435-ACC-GJK, Dkt. 1-1 at 10, Exs. Accordingly, Petitioner fails to demonstrate he lacked an unobstructed procedural shot, the legal basis for his claims did not arise until after he had exhausted his direct appeal and 2013 Section 2255 Motion, or the law changed in any way relevant to Petitioner's claims after that Section 2255 motion. Id.

Petitioner thus fails to meet either requirement for Section 2255's escape hatch. Harrison, 519 F.3d at 959. Because the escape hatch does not apply, the Court lacks jurisdiction. Therefore, the Court dismisses this action without prejudice. Hernandez, 204 F.3d at 864-65.

///
///
///
///

## IV.
## **ORDER**

IT IS THEREFORE ORDERED this action is DISMISSED without prejudice for lack of jurisdiction.

Dated: August 30, 2016

HONORABLE JESUS G. BERNAL
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge

6